**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **UNIVERSITY SPINE CENTER,** on assignment of Debra W., <br><br> Plaintiff, <br><br> v. <br><br> **AETNA, INC.,** <br><br> Defendant. | Civil Action No. 17-7759 (ES) (SCM) <br><br> **MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon Defendant Aetna, Inc.'s ("Defendant") motion to dismiss Count Two of Plaintiff University Spine Center's ("Plaintiff") Complaint under Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 10). The Court has reviewed the parties' submissions[1] and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the reasons below, Defendant's motion to dismiss Count Two of Plaintiff's Complaint is DENIED *without prejudice*.

***Background.*** The Court presumes that the parties are familiar with the factual context and the procedural history of the action and will only set forth a brief summary here.[2] On May 9, 2016, October 10, 2016, and November 14, 2016, Plaintiff provided medically necessary and reasonable services to Debra W (the "Patient"). (D.E. No. 1 ("Compl.") ¶ 4). Plaintiff obtained an assignment of benefits ("AOB") from the Patient to bring this claim under the Employee Retirement Income

---

[1] (D.E. No. 10-1 ("Def. Mov. Br."); D.E. No. 12 ("Pl. Opp. Br."); D.E. No. 15 ("Def. Reply Br.")).

[2] This background is derived from Plaintiff's Complaint, which the Court must accept as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

1

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (*Id.* ¶ 8). Plaintiff asserts that, pursuant to the AOB, it prepared Health Insurance Claim Forms ("HICFs") formally demanding reimbursement in the amount of $745,029.00 from Defendant for medical services rendered by Plaintiff to Patient. (*Id.* ¶ 9). Defendant, however, allowed reimbursement totaling only $18,195.15 for the Patient's treatment. (*Id.* ¶ 10).

Thereafter, Plaintiff engaged in the applicable administrative appeals process maintained by Defendant to recover the payment and requested a copy of the Summary Plan Description, and Plan Policy, among other things. (*Id.* ¶¶ 11-12). Defendant failed to remit any payment in response to Plaintiff's appeal and also failed to produce the requested documents. (*Id.* ¶ 13). Plaintiff thus claims it was underpaid by $726,833.85. (*Id.* ¶ 15). Accordingly, Plaintiff brought this action on October 2, 2017, alleging failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B) (Count One), and breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(3), 1104(a)(1), and 1105(a) (Count Two). (*Id.* ¶¶ 17-33). On January 10, 2018, Defendant moved to dismiss Count Two of Plaintiff's Complaint. (D.E. No. 10).

***Legal Standard.*** To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the *Iqbal* standard).

*Analysis.* Defendant argues that Count Two of Plaintiff's Complaint must be dismissed because Plaintiff's "breach of fiduciary duty claim is duplicative of its ERISA claim for allegedly unpaid benefits." (Def. Mov. Br. at 4-7). Count Two of the Complaint, under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)), alleges that Defendant breached its fiduciary duty owed under ERISA by (i) "[f]ailing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations"; (ii) "[p]articipating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach"; (iii) "[f]ailing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary"; and (iv) "[w]rongfully withholding money belonging to Plaintiff." (Compl. ¶ 34). Plaintiff seeks as relief for this cause of action reimbursement for medical benefits owed under the plan and "such other and further relief as the Court may deem just and equitable." (*Id.* at 6). Defendant argues that Plaintiff's claim in Count Two is identical to its claim in Count One, since Plaintiff seeks the same remedy under both counts. (Def. Mov. Br. at 5-6). So, according to Defendant, Count Two must be dismissed because it "is expressly disallowed under applicable law." (*Id.* at 5).

3

Plaintiff, on the other hand, counters that its breach-of-fiduciary-duty claim should proceed "until this Court determines whether Plaintiff succeeds on its claims" in Count One. (Pl. Opp. Br. at 1). "If Plaintiff is not entitled to benefits under [Count One], Plaintiff might still be entitled to 'other appropriate equitable relief' to remedy any breaches of fiduciary duty." (*Id.*).

The Court agrees with Plaintiff, and with other courts in this District, that dismissal of an ERISA-breach-of-fiduciary-duty claim on this basis is not appropriate at this early procedural stage. *See Shah v. Aetna*, No. 17-0195, 2017 WL 2918943, at *2 (D.N.J. July 6, 2017) (denying Defendant's motion to dismiss breach-of-fiduciary-duty claim as duplicative); *see also Shah v. Horizon Blue Cross Blue Shield*, No. 16-2528, 2017 WL 680292, at *3 (D.N.J. Feb. 21, 2017) (same); *HUMC Opco LLC v. United Benefit Fund*, No. 16-0168, 2016 WL 6634878, at *4 (D.N.J. Nov. 7, 2016) (same); *Shah v. Horizon Blue Cross Blue Shield*, No. 15-8590, 2016 WL 4499551, at *10 (D.N.J. Aug. 25, 2016) (same); *Ross v. AXA Equitable Life Ins. Co.*, No. 16-1591, 2016 WL 7462542, at *4 n.4 (D.N.J. Dec. 28, 2016) (same); *Beye v. Horizon Blue Cross Blue Shield of N.J.*, 568 F. Supp. 2d 556, 574-75 (D.N.J. 2008) (same); *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 533-34 (D.N.J. 2008) (same). Accordingly, the Court denies Defendant's motion to dismiss Court Two of Plaintiff's Complaint.

Nevertheless, "the Court will not permit a [breach-of-fiduciary-duty] claim to duplicate the relief theories of [a benefits claim] at the *appropriate stage* of the litigation." *Shah*, 2016 WL 4499551, at *10 (emphasis added). Defendant may renew this challenge to the redundancy of Plaintiff's claims on summary judgment, and at that time it will be Plaintiff's burden to distinguish Count Two from Count One. *See Shah*, 2017 WL 2918943, at *2 (denying defendant's motion to dismiss duplicative claim without prejudice to raising the issue on summary judgment); *Lipstein*

*v. UnitedHealth Grp.*, 296 F.R.D. 279, 298-99 (D.N.J. 2013) (granting defendant's summary-judgment motion on plaintiff's duplicate claim after denying defendant's motion to dismiss).

***Conclusion.***  For the foregoing reasons, Defendant's motion to dismiss Count Two of Plaintiff's Complaint is DENIED *without prejudice*.  An appropriate Order accompanies this Memorandum Opinion.

<u>*s/ Esther Salas*   </u>
**Esther Salas, U.S.D.J.**